IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-69-BO

| | |
|---|---|
| CAMERON MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SUE FREDERICK, individually and as an ) | |
| employee of the Wake County Board of Education; ) | |
| TERESA CROWTHER, individually and as an ) | |
| employee of the Wake County Board of Education; ) | |
| SANDY ORMEROD, individually and as an ) | |
| employee of the Wake County Board of Education; ) | |
| WAKE COUNTY BOARD OF EDUCATION; and ) | |
| MARY CASTLEBERRY, individually and as ) | |
| Principal of Wendell Middle School; ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendants' motions to dismiss. [DE 23, 25, 31]. The motions have been fully briefed and are ripe for disposition. For the reasons that follow, defendants' motions to dismiss [DE 23, 25, 31] are granted and plaintiff's complaint is dismissed.

BACKGROUND

In 2012, plaintiff, then approximately 11 or 12 years old, was sexually abused by Ronald Olson, then a 24-year-old teacher at Wendell Middle School in Wake County, North Carolina. [DE 1, ¶¶ 1–2]. Mr. Olson was plaintiff's sixth-grade language arts teacher. *Id.* ¶ 47. Mr. Olson used his position as plaintiff's teacher to "repeatedly separate, isolate, and confine Plaintiff during school hours to sexually abuse, video or photograph, and otherwise feloniously engage in sex acts with the minor Plaintiff." *Id.* ¶ 48. This continued until Mr. Olson was arrested in October 2012.

*Id.* ¶ 70. In March 2013, Mr. Olson pleaded guilty to three felony sex offenses and is currently serving a custodial sentence with the North Carolina Department of Corrections. *Id.* ¶ 1.

Plaintiff initiated this action in February 2019, within one year of attaining the age of majority. *Id.* Plaintiff asserts claims against three defendants—Sue Frederick, Teresa Crowther, and Sandy Ormerod—who were employed by the Wake County Board of Education ("Board of Education") as teachers at Wendell Middle School in 2012, against the Board of Education, and against Mary Castleberry, who was the principal at Wendell Middle School in 2012. *Id.* ¶¶ 18; 42–45. Plaintiff brings claims against the individual defendants in both their individual and their official capacities.

Plaintiff alleges that defendants "permitted Mr. Olson to be alone, unmonitored, and unsupervised with Plaintiff during and outside of standard school hours," "allowed Mr. Olson to provide Plaintiff with an iPod touch as an enticement for Plaintiff to continue to engage in sexual activity with Mr. Olson and as a way to communicate directly with Plaintiff without Plaintiff's parents having access to such communications," and "forced Plaintiff on at least two occasions to subject himself to unsupervised isolation with [Mr.] Olson against Plaintiff's wishes." *Id.* ¶¶ 49–52. Plaintiff further alleges that defendants "failed to provide training or education" to help teachers "protect[] students from sexual abuse, identify[] signs of child sexual abuse, identify[] grooming behaviors of sexual predators," and so on. *Id.* ¶ 57. Plaintiff claims that defendants "knew or should have known of Mr. Olson's egregious conduct, and failed to take action to save Plaintiff" from Mr. Olson's felonious conduct. *Id.* ¶ 62. Plaintiff alleges that the Board of Education, "by its actions and inactions, created a climate whereby sexual misconduct was not only possible, but was tolerated." *Id.* ¶ 67.

Plaintiff's alleges that (1) the Board of Education violated Title IX, 20 U.S.C. §§ 1681, *et seq.*; (2) the Board of Education violated Title IX following Mr. Olson's arrest in October 2012; (3) the Board of Education and Ms. Castleberry violated plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983, by failing to train Wendell Middle School's teachers; (4) Ms. Castleberry violated plaintiff's constitutional rights, pursuant to § 1983, by failing to properly supervise the teachers; (5) Ms. Castleberry, Ms. Crowther, Ms. Frederick, and Ms. Ormerod all violated plaintiff's constitutional rights, pursuant to § 1983, by perpetuating a practice that enabled teachers like Mr. Olson to remove students from school activities and spend time alone with them; (6) defendants all violated plaintiff's constitutional rights, pursuant to § 1983, by adopting a "practice and *de facto* policy [that] directly created the danger of improper conduct" and imposed a "state-created danger"; (7) Ms. Castleberry, Ms. Crowther, Ms. Frederick, and Ms. Ormerod were all grossly negligent, and the Board of Education is vicariously liable for their negligence; (8) the Board of Education is vicariously liable for Mr. Olson's assaults; (9) the Board of Education is vicariously liable for Mr. Olson's batteries; (10) Ms. Castleberry, Ms. Crowther, Ms. Frederick, and Ms. Ormerod intentionally inflicted emotional distress on plaintiff; and (11) defendants negligently inflicted emotional distress on plaintiff. *Id.* ¶¶ 76–248.

In May, the Board of Education and defendants Castleberry, Frederick, and Ormerod moved to dismiss plaintiff's claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 23, 25]. The following month, defendant Crowther moved to dismiss plaintiff's claims against her under Rule 12(b)(6). [DE 31]. Plaintiff has responded in opposition to the motions to dismiss. [DE 33, 34, 37].

DISCUSSION

Defendants have all moved to dismiss plaintiff's claims against them for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**1. Plaintiff's claims against the Wake County Board of Education are dismissed.**

The Board of Education's motion to dismiss plaintiff's claims must be granted. First, plaintiff has failed to allege sufficient facts to state a Title IX claim against the Board of Education upon which relief can be granted. Sexual harassment and sexual abuse of a student by a teacher can constitute discrimination on the basis of sex under Title IX. *See Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75 (1992) (sexual harassment that qualifies as sex discrimination under Title VII also qualifies under Title IX). "An institution can be held liable for a Title IX violation only if 'an official who . . . has authority to address the alleged discrimination and to institute corrective measures . . . has actual knowledge of discrimination in the [institution's] programs and fails adequately to respond' or displays 'deliberate indifference' to discrimination." *Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 700 (4th Cir. 2007) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*,

4

524 U.S. 274, 290 (1998)) (alterations in original). That is, institutions like the Board of Education can only be held liable for Title IX violations if an official with authority to remedy the discrimination has actual knowledge that discrimination is occurring or is deliberately indifferent to discrimination.

Here, plaintiff has not alleged sufficient facts, even drawing all reasonable inferences in his favor, to plausibly suggest that the Board of Education had actual knowledge of Mr. Olson's conduct or was deliberately indifferent to that conduct. First, Ms. Castleberry, as principal of Wendell Middle School, was not an official with authority to remedy the discrimination that plaintiff complains of. Despite plaintiff's suggestion that this Court ignore Fourth Circuit precedent, *Baynard v. Malone*, 268 F.3d 228 (4th Cir. 2001), is controlling. In *Baynard*, the Fourth Circuit determined that whether "a supervisory employee may be viewed as the proxy of the school district depends upon whether the district has delegated to that employee the traditional powers of an employer." 268 F.3d at 239. *Baynard* held that a school principal was not the "functional equivalent" of the public school district, given that state law reserved for the school board "the power to hire, fire, transfer, or suspend teachers." *Id*. Similarly, North Carolina does not confer upon its public school principals the powers of an employer, reserving those powers to the school board instead. *See generally* N.C. Gen. Stat. §§ 115C-276(j), 115C-288, 115C-299, 115C-325. If Ms. Castleberry is not a proxy for the Board of Education such that her actual knowledge could be imputed to the Board, then neither are the teacher defendants.

Additionally, to the extent that plaintiff attempts to state a Title IX claim for events that occurred following Mr. Olson's arrest, plaintiff has failed to allege that the Board of Education took any action that discriminated against plaintiff on the basis of his sex. Plaintiff alleges that the Board of Education "acted with deliberate indifference to Plaintiff's right to a safe and secure

5

education environment," failed to provide him with counseling and academic support, and failed to terminate or discipline other employees. [DE 1, ¶ 89]. But, even taking plaintiff's allegations as true, plaintiff has not established that any of the Board of Education's acts or omissions were made on the basis of plaintiff's sex. As such, plaintiff has failed to state an actionable Title IX claim against the Board of Education.

Second, plaintiff has failed to allege sufficient facts to support a cause of action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff claims, in his third and sixth causes of action, that the Board of Education violated his constitutional rights by failing to adequately train teachers to recognize and prevent sexual abuse of students and adopting policies or procedures that created a state-imposed danger of sexual abuse. The Board of Education cannot be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort," and "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Here, plaintiff has failed to plausibly allege that plaintiff suffered a constitutional injury because of an official policy or custom adopted by the Board of Education. "[T]he identification of policymaking officials is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). In North Carolina, school boards "have general control and supervision of all matters pertaining to the public schools . . . and shall enforce the school law in their respective units." N.C. Gen. Stat. § 115C-36. The conduct of particular teachers, then, is insufficient to establish the official policies and customs of the Wake County Board of Education.

Plaintiff's third cause of action, that the Board of Education failed to adequately train its teachers, must be dismissed. "A municipality's failure to train its officials can result in liability under section 1983 only when such failure reflects a 'deliberate indifference' to the rights of its

6

citizens and 'the identified deficiency in a city's training program [is] closely related to the ultimate injury.'" *Hill v. Robeson Cty., N.C.*, 733 F. Supp. 2d 676, 686–87 (E.D.N.C. 2010) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 391 (1989)). Additionally, there must be a "direct causal link" between "a specific deficiency in training and the particular violation alleged." *Buffington v. Baltimore Cty.*, 913 F.2d 113, 122 (4th Cir. 1990). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff has not alleged sufficient facts to establish that the Board of Education or any of its officials were on notice that a failure to train teachers was likely to lead to a teacher's sexual abuse of a student and the complaint contains no allegation of a "specific deficiency" that is causally linked to plaintiff's abuse at the hands of Mr. Olson. To state an actionable § 1983 claim against a municipality for failure to train, a plaintiff must allege facts that plausibly suggest the municipality was more than merely negligent in its training. *See Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). Here, plaintiff has not done so. Even taking all of his allegations as true, plaintiff has not plausibly alleged that the Board of Education was deliberately indifferent to students' rights and that some particular failure to train was closely related to the ultimate injury that plaintiff suffered.

Plaintiff's sixth cause of action, that the Board of Education created a danger of sexual abuse, must also be dismissed. "[T]o establish § 1983 liability based on a state-created danger theory, a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." *Doe v. Rosa*, 795 F.3d 429, 439 (4th Cir. 2015). Plaintiff's complaint simply does not plausibly allege that the Board of Education took affirmative actions that created or increased the risk that he would be

7

sexually abused by a teacher. The teachers' alleged failure to investigate Mr. Olson's conduct or intervene, and even Ms. Omerod allegedly requiring plaintiff to be alone with Mr. Olson against his will, does not amount to an actionable allegation of state-created danger. Plaintiff's § 1983 claim against the Board of Education alleging state-created danger must also be dismissed.

Third, plaintiff's tort claims against the Board of Education must be dismissed. For the reasons discussed below, plaintiff has not plausibly alleged that defendants Castleberry, Frederick, Ormerod, and Crowther were grossly negligent, and therefore the Board of Education cannot be held vicariously liable for their supposed gross negligence. *See Guthrie v. Conroy*, 152 N.C. App. 15, 24, 567 S.E.2d 403, 410 (N.C. Ct. App. 2002) (holding that an employee's liability is necessary to hold an employer responsible under the doctrine of *respondeat superior*). Similarly, the Board of Education is not liable for the teacher defendants' alleged intentional infliction of emotional distress, given that those claims also fail against the employees.

The Board of Education cannot be held vicariously liable for Mr. Olson's intentional torts, as alleged in plaintiff's eighth and ninth causes of action. Plaintiff alleges that Mr. Olson assaulted and battered him while "performing teaching services within the ordinary scope and course of his employment." [DE 1, ¶¶ 151, 162]. But intentional torts "are rarely considered to be within the scope of an employee's employment." *Medlin v. Bass*, 327 N.C. 587, 594, 398 S.E.2d 460, 464 (N.C. 1990). In *Medlin*, the Supreme Court of North Carolina held that a school board was not vicariously liable for a principal's intentional torts, determining that his conduct in summoning a student to his office and sexually assaulting her was beyond the scope of his employment. 327 N.C. at 594, 398 S.E.2d at 464; *see also Durham City Bd. of Educ. v. Nat'l Union Fire Ins. Co.*, 109 N.C. App. 152, 157, 426 S.E.2d 451, 454 (N.C. Ct. App. 1993) (characterizing *Medlin* as

8

holding that "a sexual assault by a school board employee upon a student is beyond the course of the employee's employment").

Finally, plaintiff's claim against the Board of Education for the teacher defendants' and Mr. Olson's alleged negligent infliction of emotional distress must also be dismissed. Again, for the reasons discussed below, plaintiff has not plausibly alleged claims against the teacher defendants for negligent infliction emotional distress; just as the claims must be dismissed as to the employees, so too much they be dismissed as to the employer. *See Guthrie*, 152 N.C. App. at 24, 567 S.E.2d at 410. And negligent infliction of emotional distress claims must be dismissed where they are "premised on allegations of intentional—rather than negligent—conduct." *Horne v. Cumberland Cty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 149, 746 S.E.2d 13, 19 (N.C. Ct. App. 2013). Mr. Olson's conduct with respect to plaintiff can only be characterized as intentional, not negligent. Thus, to the extent that plaintiff attempts to hold the Board of Education vicariously liable for Mr. Olson's negligent infliction of emotional distress, plaintiff's claim must be dismissed, because Mr. Olson's conduct was, in fact, intentional. As such, plaintiff has failed to state a claim against the Wake County Board of Education upon which relief can be granted. The Board of Education's motion to dismiss is, therefore, granted.

**2. Plaintiff's claims against the individual defendants are dismissed.**

The individual defendants' motions to dismiss plaintiff's claims must be granted. At the outset, to the extent that plaintiff attempts to state claims against the individual defendants in their official capacities, plaintiff's claims must be dismissed. Such claims are actually claims against the Wake County Board of Education and are, therefore, duplicative. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165–66 (1983). Additionally, to the extent that plaintiff's second cause of action attempts to state a Title IX claim against Ms. Castleberry or any other individual defendant,

9

that claim is dismissed because Title IX does not support a right of action against a particular school official. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009).

First, plaintiff has failed to state an actionable § 1983 claim against any of the individual defendants. For many of the same reasons as discussed above, plaintiff's third cause of action, premised on failure to train, must be dismissed as to Mrs. Castleberry. Just as plaintiff has not alleged sufficient facts to establish that the Board of Education was deliberately indifferent to students' rights, and that there was a direct causal link between the failure to train teachers and Mr. Olson's sexual abuse of plaintiff, the complaint does not allege sufficient facts to establish that Ms. Castleberry was deliberately indifferent or that there was a causal connection between her conduct and plaintiff's injury. Plaintiff has not established that Ms. Castleberry had "actual or constructive knowledge" that a "subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury." *Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 466 (M.D.N.C. 2016) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). The behavior that Ms. Castleberry and the other individual defendants were allegedly aware of did not reasonably lead to the conclusion that Mr. Olson was sexually abusing plaintiff, let alone that defendants were deliberately indifferent to that risk. Indeed, plaintiff's allegation that Ms. Castleberry required Mr. Olson to "unfriend" plaintiff on Facebook suggests that she was *not* deliberately indifferent, but acted reasonable under the circumstances. *See Baynard*, 268 F.3d at 236 ("a supervisory official who responds reasonably to a known risk is not deliberately indifferent even if the harm is not averted").

Similarly, plaintiff has not alleged sufficient facts to state a claim under § 1983 against any of the individual defendants based on theories of a special relationship or a state-created danger. Although a special relationship between the state and an individual might confer a duty upon the

state, the Fourth Circuit has held that the relationship between a school and a student is not a special relationship for Due Process Clause purposes. *See Stevenson ex rel. Stevenson v. Martin Cty. Bd. of Educ.*, 3 F. App'x 25, 30–31 (4th Cir. 30–31) ("no special relationship exists because the student is not in physical custody and, along with parental help, is able to care for his basic human needs"). Thus, plaintiff cannot state an actionable claim under § 1983 based on a special relationship theory. Similarly, for the reasons discussed above, plaintiff's complaint does not contain sufficient facts to plausibly allege that the state took any affirmative action in creating or increasing the danger of sexual abuse. Just as plaintiff's § 1983 claim for state-created danger must be dismissed as to the Board of Education, it must also be dismissed as to the individual defendants.

Second, all of plaintiff's tort claims against Ms. Castleberry must be dismissed because she enjoys official immunity given her position as principal of Wendell Middle School. "[A] public official is immune from suit unless the challenged action was (1) outside the scope of official authority, (2) done with malice, or (3) corrupt." *Wilcox v. City of Asheville*, 222 N.C. App. 285, 288, 730 S.E.2d 226, 230 (N.C. Ct. App. 2012) (citing *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (N.C. 1976)). Under North Carolina law, public school principals and other school administrators are public officials who exercise discretion in performing their responsibilities and are therefore entitled to official immunity. *See, e.g., Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 695, 625 S.E.2d 128, 133 (N.C. Ct. App. 2006); *Gunter v. Anders*, 114 N.C. App. 61, 67, 441 S.E.2d 167, 171 (N.C. Ct. App. 1990). Plaintiff alleges that Ms. Castleberry was a principal at all relevant times and was acting within the scope of her employment. [DE 1, ¶¶ 5, 6, 42, 103, 222, 227]. Even taking as true all of plaintiff's allegations and drawing all reasonable inferences in his favor, plaintiff has not plausibly alleged that Ms. Castleberry acted maliciously or corruptly. The fact that she assigned plaintiff to an alternative learning center and otherwise

11

behaved "punitive[ly]," DE 33 at 8–9, does not provide a reason to abrogate her immunity. Plaintiff's tort claims against Ms. Castleberry must therefore be dismissed.

Third, plaintiff has not alleged sufficient facts to state any actionable tort claims against Ms. Frederick, Ms. Crowther, or Ms. Ormerod. Gross negligence requires "wanton conduct" that demonstrates "conscious and intentional disregard of and indifference to the rights and safety of others." *Yancey v. Lea*, 354 N.C. 48, 53, 550 S.E.2d 155, 158 (N.C. 2001) (citations omitted). Here, plaintiff has not plausibly alleged that any of the individual defendants acted wantonly or in intentional disregard of the rights and safety of others. Plaintiff does not allege that any of the defendants were aware of Mr. Olson's sexual misconduct prior to his arrest. Rather, plaintiff alleges that defendants knew that Mr. Olson spent time alone with plaintiff and had given him an iPod. Plaintiff's alleges that defendants failed to investigate these "warning signs" and failed to intervene to protect him. [DE 1, ¶ 136]. But plaintiff has not plausibly alleged that defendants' failure to investigate or intervene was done in "conscious and intentional disregard or indifference to the rights and safety of others." *See Yancey*, 354 N.C. at 53, 550 S.E.2d at 158. Plaintiff's gross negligence claims must be dismissed.

Plaintiff's claims of intentional infliction of emotional distress must also be dismissed. "In an action for intentional infliction of emotional distress, the essential elements are '1) extreme and outrageous conduct by the defendant 2) which is intended to and does in fact cause 3) severe emotional distress.'" *Wagoner v. Elkin City Sch. Bd. of Educ.*, 113 N.C. App. 579, 586, 440 S.E.2d 119, 123 (N.C. Ct. App. 1994) (quoting *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (N.C. 1992)). To be extreme and outrageous, "the conduct must go beyond all possible bounds of decency, and 'be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (citation omitted). Here, plaintiff has not alleged sufficient facts to demonstrate that any of the individual

defendants acted in a way that was extreme or outrageous. Plaintiff's intentional infliction of emotional distress claims must be dismissed.

Finally, plaintiff has not alleged sufficient facts to state an actionable claim for negligent infliction of emotional distress. To state such a claim, a plaintiff "must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (N.C. 1990) (citations omitted). Here, plaintiff does not include any allegations separate from the allegations of intentional infliction of emotional distress. Again, as discussed above, purported claims of negligent infliction of emotional distress that are in fact claims of intentional infliction of emotional distress must be dismissed. *See Horne*, 228 N.C. App. at 149, 746 S.E.2d at 19. To the extent that plaintiff alleges that the individual defendants were negligent in their failures to investigate and report plaintiff's interactions with Mr. Olson, and in their behavior following Mr. Olson's arrest, plaintiff has not plausibly alleged that it was reasonably foreseeable that defendants' conduct would cause plaintiff severe emotional distress. As such, plaintiff's claims of negligent infliction of emotional distress must also be dismissed. Because plaintiff has failed to allege sufficient facts to state any claim against the individual defendants upon which relief can be granted, the motions to dismiss are granted.

In sum, plaintiff has failed to allege sufficient facts to state a plausible claim upon which relief can be granted against any defendant. As such, defendants' motions to dismiss are all granted and plaintiff's complaint is dismissed.

## CONCLUSION

For the above reasons, defendants' motions to dismiss [DE 23, 25, 31] are GRANTED and plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 12 day of August, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE